UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RENE DEWAYNE MANUEL,

              Petitioner,

    v.

SCOTT SPEER,

              Respondent.

Case No. 3:25-cv-05055-JCC-TLF

ORDER TO SHOW CAUSE

Petitioner Rene Dewayne Manuel a state prisoner who is currently confined at the Stafford Creek Corrections Center in Aberdeen, Washington, pursuant to a judgment and sentence entered in Mason County Superior Court. Dkt. 1-2 at 1. Petitioner presents to the Court for filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 in which he challenges the validity of his current custody, asserting that he was denied counsel at a critical stage in violation of the Sixth Amendment. Dkt. 1-2 at 6.

The Ninth Circuit has held that "28 U.S.C. § 2254 is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment[.]" *White v. Lambert*, 370 F.3d 1002, 1009-10 (9th Cir. 2004), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010) (en banc). *See also Dominguez v. Kernan,* 906 F.3d 1127, 1134-1137 (9th Cir. 2018) (discussing the difference between

ORDER TO SHOW CAUSE - 1

cases properly brought under 28 U.S.C. § 2241 as opposed to those properly brought under § 2254).

To obtain relief under § 2254, a petitioner must demonstrate that each of his claims for federal habeas relief has been properly exhausted in the state courts. 28 U.S.C. § 2254(b)-(c). The exhaustion requirement is a matter of comity, intended to afford the state courts "an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks and citations omitted). To provide the state courts with the opportunity to consider his federal claims, a prisoner must "fairly present" his claims to each appropriate state court for review, including a state supreme court with powers of discretionary review. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing *Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)).

In this case, Petitioner makes clear that he has not presented the issue raised in his petition to any state appellate court for review. Dkt. 1-2 at 2-7. He states, "this filing constitutes an appeal." *Id.* at 2. Petitioner's claim is therefore unexhausted and not currently eligible for federal habeas review. Accordingly, the Court hereby ORDERS as follows:

(1) Petitioner is ordered to SHOW CAUSE, by March 11, 2025, why his petition and this action should not be dismissed for failure to exhaust state court remedies. Failure to timely respond to this Order will result in a recommendation that this action be dismissed.

ORDER TO SHOW CAUSE - 2

(2) The Clerk is directed to NOTE this matter on the Court's motion calendar for **March 11, 2025**, for review of Petitioner's response to this Order to Show Cause.

(3) The Clerk is directed to send copies of this Order to Petitioner.

Dated this 13th day of February, 2025.

Theresa L. Fricke
United States Magistrate Judge

ORDER TO SHOW CAUSE - 3