UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RENE DEWAYNE MANUEL,<br><br>　　　　　　Petitioner,<br>　　v.<br><br>SCOTT SPEER,<br><br>　　　　　　Respondent. | Case No. 3:25-cv-05055-JCC-TLF<br><br>REPORT AND RECOMMENDATION<br><br>Noted for April 14, 2025 |

Petitioner, who is proceeding *pro se*, filed a motion to proceed *in forma pauperis* and a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on January 21, 2025. Dkt. 1, Dkt. 1-2. The petition has not been served on the respondent. By order dated February 13, 2025, the Court directed Petitioner to show cause why his petition should not be dismissed as unexhausted. Dkt. 5. Petitioner subsequently filed a document entitled "Objections to Magistrate Judge's Report and Recommendation[1]." Dkt. 8.

The Court should dismiss the federal habeas petition without prejudice as unexhausted. Also, for the reasons set forth below, the Court should deny issuance of a certificate of appealability (COA).

---

[1] Petitioner misinterpreted the undersigned's Order to Show Cause as a Report and Recommendation. As indicated below, Petitioner will have an opportunity to object to the instant Report and Recommendation for United States District Judge John C. Coughenour's consideration.

REPORT AND RECOMMENDATION - 1

BACKGROUND

Petitioner is a state prisoner who is currently confined at the Stafford Creek Corrections Center in Aberdeen, Washington, pursuant to a judgment and sentence entered in Mason County Superior Court. Dkt. 1-2 at 1. Petitioner presents to the Court for filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging the validity of his current custody and asserting that he was denied counsel at a critical stage in violation of the Sixth Amendment. Dkt. 1-2 at 6.

The Court informed Petitioner in its Order to Show Cause that the petition should be brought under 28 U.S.C. § 2254 instead of 28 U.S.C. § 2241 because 28 U.S.C. § 2254 is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment[.]" *White v. Lambert*, 370 F.3d 1002, 1009-10 (9th Cir. 2004), overruled on other grounds by *Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010) (en banc).

The Court further informed Petitioner under § 2254, he must demonstrate that each of his claims for federal habeas relief has been properly exhausted in the state courts. 28 U.S.C. § 2254(b)-(c). Petitioner has not presented the issue raised in his petition to any state appellate court for review. Dkt. 1-2 at 2-7. He states, "this filing constitutes an appeal." *Id.* at 2. In his Objections to the Magistrate Judge's Report and Recommendation, Petitioner does not clarify or address the Court's question regarding exhaustion. This document does not remedy the deficiencies in the petition noted by the Court's Order to Show Cause.

DISCUSSION

**A.    Habeas Petition – Failure to Exhaust State Court Remedies**

Under Rule 4 of the rules governing § 2254 petitions, the Court must promptly examine a habeas petition when it is filed, and if it plainly appears from the petition and its attachments the petitioner is not entitled to relief, the Court must dismiss the petition.

The Court concludes that Petitioner's federal habeas petition should be dismissed without prejudice as unexhausted. Petitioner confirms he has not presented the claims raised in his petition to any state appellate court. As such, his petition is not eligible for federal habeas review. Exhaustion of state court remedies is a prerequisite to granting a petition for writ of habeas corpus. *See* 28 U.S.C. § 2254(b)(1).

A state prisoner is required to exhaust all state court remedies, by fairly presenting each claim of violation of federal rights before the state courts, before seeking a writ of habeas corpus as to each of those claims. 28 U.S.C. § 2254(b)(1). The exhaustion requirement is a matter of comity, intended to afford the state courts the "initial opportunity to pass upon and correct alleged violations of its prisoners' *federal* rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (emphasis added). This is appropriate, because "state courts, like federal courts, are obliged to enforce federal law." *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999). To properly exhaust their federal claims, a would-be habeas petitioner must finish "one complete round of the State's established appellate review process," up to the highest state court with powers of discretionary review. *Id.* at 845.

A federal court must dismiss a federal habeas corpus petition if its claims are unexhausted. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). This Court has the *sua sponte* authority to examine the question of exhaustion at this stage of review. *Campbell*

REPORT AND RECOMMENDATION - 3

*v. Crist*, 647 F.2d 956, 957 (9th Cir. 1981) ("This court may consider whether state remedies have been exhausted even if the state does not raise the issue").

Petitioner must raise to the Washington Court of Appeals and Washington Supreme Court each of the grounds for relief that he now presents in his federal habeas petition. Petitioner plainly acknowledges he has not presented the claims raised in his petition to any state appellate court and presents no colorable claim that any exception to the exhaustion requirement applies in his case. Accordingly, this federal habeas corpus petition is not eligible for federal habeas review. Dkt. 1. *See Ha Van Nguyen v. Curry*, 736 F.3d 1287, 1296 (9th Cir. 2013) (citing *King v. Ryan,* 564 F.3d 1133, 1142 (9th Cir. 2009)) ("To be properly filed, a claim must have been exhausted *at the time of filing.*") (emphasis added).

## CONCLUSION AND DEADLINE FOR OBJECTIONS

For these reasons, this Court recommends that Petitioner's federal habeas petition (Dkt. 1-2), and this action, should be dismissed without prejudice as unexhausted. The Court further recommends Petitioner's motion to proceed *in forma pauperis* should be denied. Dkt. 1.

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional

REPORT AND RECOMMENDATION - 4

claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Under the above standard, this Court concludes that petitioner is not entitled to a certificate of appealability in this matter. This Court therefore recommends that a certificate of appealability be denied.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of de novo review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on April 14, 2025, as noted in the caption.

Dated this 28th day of March, 2025.

*[signature: Theresa L. Fricke]*

Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5