THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RENE DEWAYNE MANUEL,<br><br>        Petitioner,<br><br>  v.<br><br>SCOTT SPEER,<br><br>        Respondent. | CASE NO. C25-5055-JCC-TLF<br><br>ORDER |

This matter comes before the Court on objections (Dkt. No. 12) to the Report and Recommendation ("R&R") of the Honorable Theresa L. Fricke, U.S. Magistrate Judge (Dkt. No. 11). Judge Fricke recommends the Court dismiss Rene Dewayne Manuel's habeas petition. (*See id.* at 4.) Mr. Manuel objects. (*See generally* Dkt. No. 12.) Having thoroughly considered the relevant record, the Court OVERRULES the objections, ADOPTS the R&R, and DISMISSES the petition without prejudice.

According to the R&R, Mr. Manuel is incarcerated in state prison. (Dkt. No. 11 at 2.) He sought a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his custody under the Sixth Amendment. (*Id.*) Judge Fricke construed his submission as a petition under 28 U.S.C. § 2254, the exclusive vehicle for prisoners in state custody. (*Id.*) State prisoners must fully exhaust state court remedies, but Mr. Manuel indicated he only filed the instant petition in this Court. (*Id.* at 3.) Judge Fricke identified this failure to exhaust and ordered Mr. Manuel to show

cause why his petition should not be dismissed. (Dkt. No. 5 at 1–2.) Mr. Manuel's response did not address this deficiency, (*see generally* Dkt. No. 8), and on this basis Judge Fricke recommends the petition be dismissed. (Dkt. No. 11 at 4–5) (citing Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts) (requiring dismissal if it is plain the petitioner is not entitled to relief in the district court).

In lodging an objection, Mr. Manuel does not meaningfully address any error with Judge Fricke's findings or recommendation. (*See generally* Dkt. No. 12.)[1] He makes non-responsive arguments about other procedures in his case rather than clarify his own failure to file in state court. (*Id.* at 2–4) (objecting to, among others, his unresolved status under 28 U.S.C. § 1915 and the magistrate judge handling this matter).[2] But, as Judge Fricke found, Mr. Manuel's petition admits that he did not present his claim to any state court before filing here, (*see* Dkt. No. 1-2 at 6), which is required by statute. *See* 28 U.S.C. § 2254(b)(1)(A). And, as Judge Fricke explained, Mr. Manuel "must [first] raise to the Washington Court of Appeals and Washington Supreme Court each of the grounds for relief that he now presents" before seeking relief from this Court. (Dkt. No. 11 at 4.)

The Court therefore OVERRULES Mr. Manuel's objections (Dkt. No. 12), ADOPTS the R&R (Dkt. No. 11), DISMISSES the petition without prejudice, DENIES the application for leave to proceed *in forma pauperis* (Dkt. No. 1), and, finally, DIRECTS the Clerk to send copies of this order to Mr. Manuel and Judge Fricke.

//

---

[1] In fact, this filing is the same as Mr. Manuel's filing in response to Judge Fricke's order to show cause. (*Compare* Dkt. No. 8, *with* Dkt. No. 12.)

[2] Under 28 U.S.C. § 1915, a court "*may*"—not "*must*"—grant a prisoner leave to proceed *in forma pauperis*, thus he is not entitled to this status. Furthermore, Mr. Manuel's *in forma pauperis* status has no bearing on whether he exhausted his state court remedies. And while he is correct to observe that Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts instructs "the court" to examine a habeas petition, Rule 10 clearly states: "A magistrate judge may perform the duties of a district judge under these rules, as authorized by 28 U.S.C. § 636."

DATED this 17th day April 2025.

_John C. Coughenour_
John C. Coughenour
UNITED STATES DISTRICT JUDGE